UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN RILEY,<br><br>      Plaintiff,<br><br>  v.<br><br>ELEVATE CREDIT, INC., JASON HARVISON, JAY BRAY, STEPHEN B. GALASSO, TYLER W.K. HEAD, MICHAEL T. PUGH, MANUEL SANCHEZ RODRIGUEZ, SAUNDRA D. SCHROCK, and BRADLEY R. STROCK,<br><br>      Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934<br><br><br>JURY TRIAL DEMAND |

Plaintiff Sean Riley ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Elevate Credit, Inc. ("Elevate" or the "Company") and Elevate's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Park Cities Asset Management LLC through PCAM Acquisition Corp. and PCAM Merger Sub Corp (collectively "Park Cities").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on January 17, 2023. The Proxy recommends that Elevate stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Elevate is acquired by Park Cities. The Proposed Transaction was first

1

disclosed on November 16, 2022, when Elevate and Park Cities announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Park Cities will acquire all of the outstanding shares of common stock of Elevate for $1.87 per share (the "Merger Consideration"). The deal is valued at approximately $67 million and is expected to close in the 1st Quarter of 2023.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Elevate management, as well as the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley"), Elevate's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing a an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Elevate's stockholders, unless and until the material information discussed below is included in the Proxy or otherwise disseminated to Elevate's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Elevate.

6. Defendant Elevate is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 4150 International Plaza, Suite 300, Fort Worth, Texas 76109. Elevate common stock trades on the New York Stock

Exchange under the ticker symbol "ELVT."

7. Defendant Jason Harvison has been the President, CEO, and a director of the Company since 2019.

8. Defendant Saundra D. Schrock has been a director since 2016. Defendant Schrock serves as Chairperson of the Board.

9. Defendant Jay Bray has been a director of the since 2021.

10. Defendant Stephen B. Galasso has been a director of the Company since 2014.

11. Defendant Tyler W.K. Head has been a director of the Company since 2014.

12. Defendant Michael T. Pugh has been a director of the Company since 2021.

13. Defendant Manuel Sanchez Rodriguez has been a director of the Company since 2021.

14. Defendant Bradley R. Strock has been a director of the Company since 2018.

15. Nonparty Park Cities Asset Management LLC is an alternative investment firm based in Dallas, Texas.

16. Nonparty PCAM Acquisition Corp. is a Delaware corporation controlled by investment funds managed by affiliates of Park Cities Asset Management LLC.

17. Nonparty PCAM Merger Sub Corp. is a Delaware corporation and a wholly owned subsidiary of PCAM Acquisition Corp.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant

conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

21. Elevate is a state-licensed lender and service provider to FDIC-regulated banks. Elevate offers installment loans, lines of credit, and credit cards for individuals that do not qualify for "prime" lending options. The Company had $324.3 million in installment loans, $207.9 million in lines of credit, and $50.2 million in credit card receivables in 2021.

22. On November 16, 2022, the Company entered into the Merger Agreement with Park Cities. According to the press release issued that day announcing the Proposed Transaction:

**Elevate to be Acquired by Park Cities Asset Management**

**Elevate shareholders to receive $1.87 per share in cash**

**Elevate to become a private company upon completion of the transaction**

FORT WORTH, Texas— November 16, 2022 - Elevate Credit, Inc. ("Elevate" or the "Company"), a leading tech-enabled provider of innovative and responsible online credit solutions for non-prime consumers, today announced it has entered into a definitive agreement to be acquired by an affiliate of Park Cities Asset Management LLC ("Park Cities"), an alternative asset manager focused on providing flexible debt solutions.

Park Cities will acquire Elevate for $1.87 per share in an all-cash transaction at an implied value of $67 million. Pursuant to the terms of the merger agreement, 7% of shares and shares underlying equity awards held by certain members of Elevate management are permitted to rollover into equity of the acquiring entity.

Founded in 2014, Elevate has reinvented non-prime credit with online solutions that provide financial relief today, and help people build a brighter financial future. The Company, along with the banks that license its technology, has originated more than $10 billion in credit to nearly 3 million non-prime consumers.

Park Cities brings decades of experience in consumer and commercial lending, extensive corporate finance acumen and significant operating experience that will allow Elevate to continue to serve credit-constrained Americans. Park Cities has a long relationship with Elevate and currently provides corporate debt as well as financing for the Today Card product. Park Cities is also based in Texas and intends to maintain Elevate's headquarters in Fort Worth, Texas.

"From the beginning, Elevate has strived to be the most trusted and preferred alternative credit provider for the 'New Middle Class'—the more than 100 million credit constrained Americans," said Jason Harvison, Chief Executive Officer of Elevate. "I am excited to build on our partnership with Park Cities and continue our work as a leader and innovator in the non-prime market. I look forward to working with the Park Cities leadership team and believe the Company will greatly benefit from their expertise and comprehensive understanding of the credit landscape."

"Elevate fills a massive void in the lending market, both through its suite of credit solutions and its powerful AI-driven technology platform," said Alex Dunev of Park Cities. "I am confident that we can help advance the Company's vision while it maintains its commitment to serving the non-prime consumer."

**Transaction Details**

The transaction, which was approved by the Elevate Board of Directors by the unanimous vote of those voting, is expected to close in the 1st Quarter of 2023, subject to customary closing conditions, including approval by Elevate shareholders and receipt of regulatory approvals.

Upon completion of the transaction, Elevate's shares will no longer trade on the New York Stock Exchange and Elevate will become a private company. The Company will continue to operate under the Elevate name and brand.

**B. The Materially Incomplete and Misleading Proxy**

23. On January 17, 2023, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the

5

Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts***

24. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Morgan Stanley's fairness opinion, Morgan Stanley reviewed "certain financial projections prepared by the management of the Company." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Elevate's management provided to the Board and Morgan Stanley.

25. Notably, Defendants failed to disclose: (a) Elevate's dividend applied by Morgan Stanley in the *Dividend Discount Analysis*; and (b) a summary of the "Stress Case" Projections used by Morgan Stanley, or a calculation of changes made to the "August Projections" to obtain the "Stress Case."

26. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses***

27. With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose: (a) Elevate's terminal values; and (b) the Company's projected tangible book value as of the conclusion of the 2026 fiscal year.

28. With respect to the *Public Trading Comparable Companies Analysis* and *Precedent Transactions Multiples Analysis*, the Proxy fails to disclose the specific financial metrics and multiples for the selected companies and transactions studied by Morgan Stanley.

29. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully

informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

30. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

31. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

32. Further, the Proxy indicates that on November 15, 2022, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Elevate stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Morgan Stanley's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

33. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

34. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

35. Defendants have filed the Proxy with the SEC with the intention of soliciting Elevate stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

36. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Elevate, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

37. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

38. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Elevate shares and the financial analyses performed by Morgan Stanley in support of its fairness opinion.

39. Moreover, in the exercise of reasonable care, the Individual Defendants knew or

should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Morgan Stanley reviewed and discussed its financial analyses with the Board on November 15, 2022, and further states that the Board considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

40. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

41. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Elevate within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Elevate and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

45. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

46. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by

their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.  Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing a Definitive Proxy with the SEC or otherwise disseminating a Definitive Proxy to Elevate stockholders unless and until Defendants agree to include the material information identified above in the Definitive Proxy;

B.  Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.  In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.  Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.  Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 22, 2023                  **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*